IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-816-RP |
| EMMIS OPERATING COMPANY, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Emmis Operating Company's ("Defendant") Motion to Vacate Technical Default, to Deem the Filed Answer as Timely, and to Deny the Motion for Default Judgment. (Dkt. 13). After reviewing the pleadings, relevant case law, and the entire case file, the Court issues the following order.

### I. Background

Plaintiffs filed their Original Complaint, (Dkt. 1), in the above-styled action on September 24, 2018. Summons was returned executed on October 2, 2018; Defendant's Response was due on October 23, 2018. (Dkt. 7). Following Defendant's failure to plead, respond, or otherwise defend against the action, the clerk of the Court entered default against Defendant on October 25, 2018. (Dkt. 9). Plaintiffs then filed a Motion for Default Judgment on October 26, 2018. (Dkt. 10). Before the Court granted that motion, Defendants filed an Original Answer on November 1, 2018. (Dkt. 11). Defendants then filed their Motion to Vacate Technical Default, to Deem the Filed Answer as timely, and to Deny the Motion for Default Judgment. (Dkt. 13).

### II. Standard of Review

An entry of default may be set aside simply "for good cause." Fed. R. Civ. P. 55(c). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn*

*Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, the court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

### III. Discussion

Defendant's Motion to Vacate Technical Default alleges that Defendant's failure to appear was not willful, that setting aside the entry of default would not prejudice Plaintiff, and that it has a meritorious defense and affirmative defenses. (Mot. Vacate Technical Default, Dkt. 13, at 3–4). Specifically, Defendant argues that it filed its answer on November 1, 2018, only a few days after the October 23, 2018 entry of default, due to counsel's inadvertent calendaring of the wrong date. (*Id.* at 3). Thus, the only prejudice to Plaintiff would be that he is required to argue this case on the merits. (*Id.* at 4). Defendant also says it has potentially meritorious defenses, including lack of jurisdiction and license. Finally, Defendant notes that it acted expeditiously to correct the default, nine days after its Answer was due and within 30 days of service of the summons and complaint, (*id.* at 8), and that defaults are not favored in the Fifth Circuit, (*id.*).

In response, Plaintiff does not contest the factors showing good cause. Plaintiff instead argues that he was prejudiced by Defendant's default. (Resp. Mot. Vacate Technical Default, Dkt. 14, at 5). Plaintiff argues he is prejudiced by Defendant's default because his counsel spent time preparing his Request for Entry of Default, Motion for Default Judgment, and the response to the instant motion. (*Id.* at 2). As a result, Plaintiff asks the Court to remedy the prejudice Defendant caused by conditioning the setting aside of the default on Plaintiff's payment of attorney fees related to the default. (*Id.*). Specifically, Plaintiff requests $7,252.23 in attorney fees related to preparing the Request for Entry of Default, the Motion for Default Judgment, and his response to the instant motion. (*Id.* at 6). Defendant counters, arguing that any prejudice suffered by Plaintiff was a result of his own actions. (Reply Mot. Vacate Technical Default, Dkt. 16, at 2).

The Court finds that the entry of default should be set aside. First, Defendants' default was not willful. According to Defendant, its default was a result of neglectfully marking the wrong date on a calendar. There is no indication of bad faith, and Defendant acted expeditiously to correct its default. The delay lasted only nine days. Indeed, the Court finds that Defendant's effort to file an Original Answer, (Dkt. 11), before the Court entered a default judgment counsels in favor of resolving this matter in favor of Defendant. Additionally, the Defendant has put on evidence demonstrating that it has a potentially meritorious defense.

Turning to the question of prejudice, the Court finds that Plaintiff will suffer no prejudice from granting the motion. Prejudice typically involves something more than the inconvenience of having to prove one's claims, given that the preference in this Circuit is a trial on the merits. *See In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). The possibility of delay is inherent in every case and thus insufficient to deny Defendant's Motion to Vacate Technical Default. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985). And the Court may award attorney fees as a condition of vacating the default judgment to

3

cure any monetary prejudice to Plaintiff as a result of Defendant's default. *See Duran v. City of Eagle Pass*, No. SA-10-CA-0504-XR, 2011 WL 294478, at *8 (W.D. Tex. Jan. 26, 2011) (citing *Coon v. Grenier*, 867 F.2d 73, 79 (1st Cir. 1989)); *see also* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2700 (4th ed. 2018) ("The imposition of conditions as part of granting a Rule 55(c) motion can be used to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation).

At the same time, the Court finds that conditioning the setting aside of the entry of default on the payment of Plaintiff's attorney fees is inappropriate here. First, as noted above, Defendant's delay in filing an answer does not appear to be willful. Instead, Defendant neglectfully marked the wrong date on the calendar. When Defendant discovered the error, it immediately corrected the mistake by filing its answer. Second, this is not the case where the default involved an extended amount of time or disregard of court orders. *See Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 508 (N.D. Cal. 2015); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, at 52–53 (E.D.N.Y. 2008). Defendant filed its answer less than one week after the motion for default judgment was filed, and filed its motion opposing default judgment and moving to vacate the technical default within one month.

To be sure, Plaintiff's counsel certainly expended additional work hours and expenses as a result of the Defendant's default. The Court recognizes that because of Defendant's neglect, Plaintiff's counsel diligently worked to prepare his motions and briefs on this issue. But having found that good cause exists to set aside the entry of default, the Court declines to condition the set aside on Defendant's payment of Plaintiff's related attorney fees.

As a result, Plaintiff may move for attorney fees related to the entry of default and subsequent default judgment in a separate motion. Plaintiff may file, no later than January 18, 2019, a motion for attorney fees incurred with attached supporting billing records and narrative. The

Court will then review the billings to determine whether and what amount of attorney fees Plaintiff incurred in seeking the default and default judgment, and enter an appropriate award.

### IV. Conclusion

Accordingly, **IT IS ORDERED** that Defendant's Motion to Vacate Technical Default, (Dkt. 13), is **GRANTED IN PART**. The default entered by the clerk of court on October 25, 2018, (Dkt. 9), is **VACATED**, and Plaintiff's Motion for Default Judgment, (Dkt. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request that the Court deem its answer as timely filed on November 1, 2018 is **DENIED**. Because Defendant defaulted, he must first succeed in setting aside the default before it is permitted to file its answer. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). The Court instead construes the request as a motion for leave to extend the deadline to answer, move, or otherwise respond to Plaintiff's complaint, and **GRANTS** that motion. Defendant is **ORDERED** to file its answer or otherwise respond to Plaintiff's complaint on or before **January 4, 2019.** The Clerk of Court shall **STRIKE** Defendant's Answer. (Dkt. 11).

**IT IS FURTHER ORDERED** that because Defendant's conduct was negligent, Defendants shall file a motion for reimbursement of attorney fees and costs incurred in seeking the entry of default and default judgment and responding to Defendant's Motion to Vacate Technical Default on or before **January 18, 2019.** The motion shall detail Plaintiff's reasonable attorney fees, expenses, and costs incurred in seeking the default with supporting documentation.

**SIGNED** on December 17, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE