**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **Civil Action No. 1:18-cv-816** |
| | § | |
| **EMMIS OPERATING COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

---

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") files this Original Complaint against Defendant Emmis Operating Company ("Emmis" or "Defendant") on personal knowledge as to all facts regarding himself and on information and belief as to all other matters, as follows:

## I.

### PRELIMINARY STATEMENT

Photographers create pieces that extend well beyond the four corners of the photograph to evoke sentiments within the viewer so that the viewer is a part of the moment captured in time. For concert photographers, the odds are almost always against them—the musicians are constantly moving, the lighting is usually dark and typically changing, and it is practically impossible to secure a good vantage point. But every now and then, a photographer is able to get a great shot, the kind of iconic shot that does exactly what photographs are supposed to do, make the viewer a part of that very moment in time.

Larry Philpot, an experienced freelance photographer, created an iconic photograph of Willie Nelson, capturing a moment in time amidst the turbulence of a music concert. This

photograph is the type of awe-inspiring work that can make a successful photography career. Philpot offered the photograph under a Creative Commons license, permitting members of the public to use the photos provided that the photos are properly attributed to Philpot.

Defendant Emmis published Philpot's photograph of Willie Nelson onto its former website, www.texasmonthly.com, as its own.  Emmis then sold that website, including Philpot's photograph of Willie Nelson, to a third party.  Emmis did not attribute the photograph to Philpot, thereby infringing on Philpot's copyrighted work.  In freelance photography, the reputation and licensing revenue guarded by copyright law are a photographer's sole means to support their career.  Emmis stole both of those from Philpot.  Larry Philpot brings this action to protect not just his rights under copyright law, but also his livelihood as a photographer.

## II.

## PARTIES

### A.  Plaintiff

1.       Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana.  Philpot is a renowned freelance photographer who specializes in photographing concerts and musical performances across the United States.

### B.  Defendant

2.       Defendant Emmis Operating Company is an Indiana company with its principal place of business in Indianapolis, Indiana that may be served via its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.

## III.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

5.      This Court has personal jurisdiction over Emmis Operating Company because it conducts business in the State of Texas.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant Emmis Operating Company resides and may be found in this District.

## IV.

## FACTUAL BACKGROUND

### A.  The Highly Competitive World of Freelance Concert Photography

7.      To say that concert photography is a tough business is a severe understatement. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage.  At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving.  Not to mention, it is really loud.  As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

8.      Financially, it can be difficult to maintain a steady income stream from concert photography.  Freelance concert photographers only earn money when they license or sell their

work product.  If the photographs are unusable, which is often the case, or simply aren't good, then the photographers do not receive any type of payment.

9.     And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture *the* perfect shot.  Because that is all that there is demand for—a few once-in-a-lifetime shots for each star.  It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Willie Nelson, for example, only needs one picture of Willie Nelson—*the best one*.

10.     In such a competitive environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their career.

### B.  Larry Philpot: A Professional Concert Photographer

11.     Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts and other performances.  Philpot has invested thousands of dollars in equipment and has spent years perfecting his craft.  He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts.

12.     Philpot's reputation as a premier photographer is critical to his business.  The more his photographs are viewed with proper attribution provided to him, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

13.     Philpot regularly licenses his photographs to end customers, including Rolling Stone—it is how he earns his living and expands his business.  Philpot has also licensed his photographs to premier musicians, including Willie Nelson, Foreigner, KISS, John Mellencamp, Kid Rock, and Heart.

**C.  Philpot Creates the Willie Nelson Photograph**

14.     On October 4, 2009, Philpot created a photograph of Willie Nelson in St. Louis, Missouri (the "Willie Nelson Photo").  A copy of the Willie Nelson Photo is attached as Exhibit A.

15.     The Willie Nelson Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on September 5, 2012.  The Willie Nelson Photo is registered with the United States Copyright Office under Certificate Number VAu 1-132-411.  A copy of the copyright registration certificate for the Willie Nelson Photo is attached as Exhibit B.

16.     Philpot first displayed the Willie Nelson Photo on May 31, 2011 on the Wikimedia website.

17.     The Willie Nelson Photo has become one of the most widely-viewed pictures of Willie Nelson.

**D.  The Creative Commons License**

18.     A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work.  The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

19.     In an effort to market his freelance photography practice, Philpot offered the Willie Nelson Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution 2.0 Generic license (abbreviated as "CC BY 2.0").  A copy of the CC BY 2.0 license is attached as Exhibit C.

20.     This license allows anyone to use the work, provided that they, among other requirements:

    a.   Include a copy of the Uniform Resource Identifier for the CC BY 2.0;

    b.   Provide attribution to the author of the work; and

    c.   Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

**E.  Restrictions on the Willie Nelson Photo**

21.     At the Wikimedia website, Larry Philpot provided the following description for the Willie Nelson Photo, "Willie Nelson getting ready to perform. Farm Aid 2009. Photo by Larry Philpot, www.soundstagephotography.com."  Philpot also provided the following requirement for the Willie Nelson Photo: "You must attribute the work in the manner specified by the author or licensor (but not in any way that suggests that they endorse you or your use of the work)."

**F.  Emmis Infringes Philpot's Copyright in the Willie Nelson Photo.**

22.     Emmis owned and operated the website located at www.texasmonthly.com.

23.     Emmis used the website at www.texasmonthly.com for financial gain by selling advertising to third parties.

24.     The website located at www.texasmonthly.com contained a notation claiming copyright in the website.

25.     Emmis infringed Philpot's copyright in the Willie Nelson Photo by publishing the Willie Nelson Photo on the www.texasmonthly.com website at https://www.texasmonthly.com/the-culture/bill-oreilly-calls-willie-nelson-a-creep/.  A copy of this webpage as it appeared with the Willie Nelson Photo is attached as Exhibit D.

26.     Plaintiff discovered Defendant's infringement of the Willie Nelson Photo on October 1, 2015.

27.     On or about November 1, 2016, Emmis sold the www.texasmonthly.com website, including Philpot's photograph of Willie Nelson, to a third party, further infringing Philpot's copyright.

28.     Emmis did not provide attribution to Philpot when it published the Willie Nelson Photo.

29.     Emmis did not list or link to Philpot's website, soundstagephotography.com, when it published the Willie Nelson Photo.

**G.  The Damage Done**

30.     Emmis passed off Philpot's Willie Nelson Photo as its own, ignoring Philpot's primary requirement under the Creative Commons license to allow Emmis to use his copyrighted work—the credit.  Philpot has been deprived of the credit for taking the exceptional Willie Nelson Photo.

**V.**

**CLAIMS**

**A.  Count One: Copyright Infringement**

31.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

32.     Defendant operated the website located at www.texasmonthly.com.

33.     Defendant published the Willie Nelson Photo at https://www.texasmonthly.com/the-culture/bill-oreilly-calls-willie-nelson-a-creep/.

34.     Defendant sold the www.texasmonthly.com website, including Plaintiff's Willie Nelson Photo, to a third party.

35.     Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

36.     Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

37.     Defendant infringed Plaintiff's copyrights in the Willie Nelson Photo in violation of 17 U.S.C. § 501.

38.     Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including, but not limited to, damage to his business reputation and goodwill.

39.     Plaintiff is informed and believes and thereon alleges that Defendant has obtained profits recoverable under 17 U.S.C. § 504.  Plaintiff will require an accounting from the Defendant of all monies generated from the Willie Nelson Photo.

40.     In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each separate act of willful infringement by Defendant in an amount of $150,000 per each infringement.

41.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502, as well as seizure of the Willie Nelson Photo.

42.     Plaintiff is entitled to recover from Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

## VI.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1.   That the Court enter judgment against Defendant that Defendant willfully infringed Philpot's rights in the Willie Nelson Photo made the basis of this suit, in violation of 17 U.S.C. § 501;

2.   That the Court issue permanent injunctive relief against Defendant and its agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, enjoining and restraining them from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, but not limited to reproducing, distributing, displaying, performing or making derivatives of any of the Willie Nelson Photo;

3.   That the Court enter an order that Defendant:

a.   retrieve, to the extent possible, all copies of the Willie Nelson Photo;

b.   inform all recipients of the Willie Nelson Photo of Plaintiff's ownership; and

c.   inform all recipients of the Willie Nelson Photo that Defendant was not authorized to reproduce, distribute, display, perform, or make derivatives of the Willie Nelson Photo;

4.   Defendant be required to pay actual damages, statutory damages, and disgorgement of all profits derived by Defendant from its acts of copyright infringement;

5.   Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorney's fees; and

6.   Plaintiff be granted all other and further relief to which he is entitled.

Dated: January 18, 2019

Respectfully submitted,

**HUTCHERSON LAW PLLC**

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson
Texas State Bar No. 24050798
Hutcherson Law PLLC
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participants:

Lawrence A. Waks, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
260 Addie Roy Road, Suite 300
Austin, Texas 78746
Telephone: (512) 314-9601
Fax: (512) 314-9694
Email: Lawrence.Waks@wilsonelser.com

Attorney for Defendant

I further certify that on January 18, 2019, I will serve a courtesy copy of the aforementioned document and transmittal of a Notice of Electronic Filing by mail on the following:

The Honorable Judge Robert Pitman
United States District Court
501 West 5th Street
Suite 5300
Austin, Texas 78701

/s/ Kenton J. Hutcherson_____
Kenton J. Hutcherson

# EXHIBIT A



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-132-411**

**Effective date of registration:**

September 5, 2012

---

## Title

| | |
|---|---|
| **Title of Work:** | 2009 Musician Photos |
| **Contents Titles:** | 2009 Musician Photos |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2009 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| ■ **Author:** | Larry Gene Philpot |
| **Author Created:** | photograph(s) |
| **Work made for hire:** | No |
| **Citizen of:** | United States | **Domiciled in:** United States |
| **Year Born:** | 1953 |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Larry Gene Philpot |
| | 12527 Winding Creek Lane, Indianapolis, IN, 46236 |

## Rights and Permissions

| | |
|---|---|
| **Name:** | Larry  Philpot |
| **Email:** | larrygphilpot@gmail.com | **Telephone:** 317-567-1338 |
| **Address:** | 12527 Winding Creek Lane |
| | Indianapolis, IN 46236  United States |

## Certification

| | |
|---|---|
| **Name:** | Larry G. Philpot |
| **Date:** | September 5, 2012 |



# EXHIBIT C

Creative Commons



**Attribution 2.0**

CREATIVE COMMONS CORPORATION IS NOT A LAW FIRM AND DOES NOT PROVIDE LEGAL SERVICES. DISTRIBUTION OF THIS LICENSE DOES NOT CREATE AN ATTORNEY-CLIENT RELATIONSHIP. CREATIVE COMMONS PROVIDES THIS INFORMATION ON AN "AS-IS" BASIS. CREATIVE COMMONS MAKES NO WARRANTIES REGARDING THE INFORMATION PROVIDED, AND DISCLAIMS LIABILITY FOR DAMAGES RESULTING FROM ITS USE.

*License*

THE WORK (AS DEFINED BELOW) IS PROVIDED UNDER THE TERMS OF THIS CREATIVE COMMONS PUBLIC LICENSE ("CCPL" OR "LICENSE"). THE WORK IS PROTECTED BY COPYRIGHT AND/OR OTHER APPLICABLE LAW. ANY USE OF THE WORK OTHER THAN AS AUTHORIZED UNDER THIS LICENSE OR COPYRIGHT LAW IS PROHIBITED.

BY EXERCISING ANY RIGHTS TO THE WORK PROVIDED HERE, YOU ACCEPT AND AGREE TO BE BOUND BY THE TERMS OF THIS LICENSE. THE LICENSOR GRANTS YOU THE RIGHTS CONTAINED HERE IN CONSIDERATION OF YOUR ACCEPTANCE OF SUCH TERMS AND CONDITIONS.

**1. Definitions**

    a. **"Collective Work"** means a work, such as a periodical issue, anthology or encyclopedia, in which the Work in its entirety in unmodified form, along with a number of other contributions, constituting separate and independent works in themselves, are assembled into a collective whole. A work that constitutes a Collective Work will not be considered a Derivative Work (as defined below) for the purposes of this License.

    b. **"Derivative Work"** means a work based upon the Work or upon the Work and other pre-existing works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which the Work may be recast, transformed, or adapted, except that a work that constitutes a Collective Work will not be considered a Derivative Work for the purpose of this License. For the avoidance of doubt, where the Work is a musical composition or sound recording, the synchronization of the Work in timed-relation with a moving image ("synching") will be considered a Derivative Work for the purpose of this License.

    c. **"Licensor"** means the individual or entity that offers the Work under the terms of this License.

    d. **"Original Author"** means the individual or entity who created the Work.

    e. **"Work"** means the copyrightable work of authorship offered under the terms of this License.

    f. **"You"** means an individual or entity exercising rights under this License who has not previously violated the terms of this License with respect to the Work, or who has received express permission from the Licensor to exercise rights under this License despite a previous violation.

**2. Fair Use Rights.** Nothing in this license is intended to reduce, limit, or restrict any rights

arising from fair use, first sale or other limitations on the exclusive rights of the copyright owner under copyright law or other applicable laws.

**3. License Grant.** Subject to the terms and conditions of this License, Licensor hereby grants You a worldwide, royalty-free, non-exclusive, perpetual (for the duration of the applicable copyright) license to exercise the rights in the Work as stated below:

   a. to reproduce the Work, to incorporate the Work into one or more Collective Works, and to reproduce the Work as incorporated in the Collective Works;

   b. to create and reproduce Derivative Works;

   c. to distribute copies or phonorecords of, display publicly, perform publicly, and perform publicly by means of a digital audio transmission the Work including as incorporated in Collective Works;

   d. to distribute copies or phonorecords of, display publicly, perform publicly, and perform publicly by means of a digital audio transmission Derivative Works.

   e. For the avoidance of doubt, where the work is a musical composition:

      i. **Performance Royalties Under Blanket Licenses**. Licensor waives the exclusive right to collect, whether individually or via a performance rights society (e.g. ASCAP, BMI, SESAC), royalties for the public performance or public digital performance (e.g. webcast) of the Work.

      ii. **Mechanical Rights and Statutory Royalties**. Licensor waives the exclusive right to collect, whether individually or via a music rights agency or designated agent (e.g. Harry Fox Agency), royalties for any phonorecord You create from the Work ("cover version") and distribute, subject to the compulsory license created by 17 USC Section 115 of the US Copyright Act (or the equivalent in other jurisdictions).

   f. **Webcasting Rights and Statutory Royalties**. For the avoidance of doubt, where the Work is a sound recording, Licensor waives the exclusive right to collect, whether individually or via a performance-rights society (e.g. SoundExchange), royalties for the public digital performance (e.g. webcast) of the Work, subject to the compulsory license created by 17 USC Section 114 of the US Copyright Act (or the equivalent in other jurisdictions).

The above rights may be exercised in all media and formats whether now known or hereafter devised. The above rights include the right to make such modifications as are technically necessary to exercise the rights in other media and formats. All rights not expressly granted by Licensor are hereby reserved.

**4. Restrictions.** The license granted in Section 3 above is expressly made subject to and limited by the following restrictions:

   a. You may distribute, publicly display, publicly perform, or publicly digitally perform the Work only under the terms of this License, and You must include a copy of, or the Uniform Resource Identifier for, this License with every copy or phonorecord of the Work You distribute, publicly display, publicly perform, or publicly digitally perform. You may not offer or impose any terms on the Work that alter or restrict the terms of this License or the recipients' exercise of the rights granted hereunder. You may not sublicense the Work. You must keep intact all notices that refer to this License and to the disclaimer of warranties. You may not distribute, publicly display, publicly perform, or publicly digitally perform the Work with any technological measures that control access or use of the Work in a manner inconsistent with the terms of this License Agreement. The above applies to the Work as incorporated in a Collective Work, but this does not require the Collective Work apart from the Work itself to be made subject to the terms of this License. If You create a Collective Work, upon notice from any Licensor You must, to the extent practicable, remove from the Collective Work any reference to such Licensor

or the Original Author, as requested. If You create a Derivative Work, upon notice from any Licensor You must, to the extent practicable, remove from the Derivative Work any reference to such Licensor or the Original Author, as requested.

b. If you distribute, publicly display, publicly perform, or publicly digitally perform the Work or any Derivative Works or Collective Works, You must keep intact all copyright notices for the Work and give the Original Author credit reasonable to the medium or means You are utilizing by conveying the name (or pseudonym if applicable) of the Original Author if supplied; the title of the Work if supplied; to the extent reasonably practicable, the Uniform Resource Identifier, if any, that Licensor specifies to be associated with the Work, unless such URI does not refer to the copyright notice or licensing information for the Work; and in the case of a Derivative Work, a credit identifying the use of the Work in the Derivative Work (e.g., "French translation of the Work by Original Author," or "Screenplay based on original Work by Original Author"). Such credit may be implemented in any reasonable manner; provided, however, that in the case of a Derivative Work or Collective Work, at a minimum such credit will appear where any other comparable authorship credit appears and in a manner at least as prominent as such other comparable authorship credit.

**5. Representations, Warranties and Disclaimer**

UNLESS OTHERWISE MUTUALLY AGREED TO BY THE PARTIES IN WRITING, LICENSOR OFFERS THE WORK AS-IS AND MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND CONCERNING THE WORK, EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF TITLE, MERCHANTIBILITY, FITNESS FOR A PARTICULAR PURPOSE, NONINFRINGEMENT, OR THE ABSENCE OF LATENT OR OTHER DEFECTS, ACCURACY, OR THE PRESENCE OF ABSENCE OF ERRORS, WHETHER OR NOT DISCOVERABLE. SOME JURISDICTIONS DO NOT ALLOW THE EXCLUSION OF IMPLIED WARRANTIES, SO SUCH EXCLUSION MAY NOT APPLY TO YOU.

**6. Limitation on Liability.** EXCEPT TO THE EXTENT REQUIRED BY APPLICABLE LAW, IN NO EVENT WILL LICENSOR BE LIABLE TO YOU ON ANY LEGAL THEORY FOR ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL, PUNITIVE OR EXEMPLARY DAMAGES ARISING OUT OF THIS LICENSE OR THE USE OF THE WORK, EVEN IF LICENSOR HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**7. Termination**

a. This License and the rights granted hereunder will terminate automatically upon any breach by You of the terms of this License. Individuals or entities who have received Derivative Works or Collective Works from You under this License, however, will not have their licenses terminated provided such individuals or entities remain in full compliance with those licenses. Sections 1, 2, 5, 6, 7, and 8 will survive any termination of this License.

b. Subject to the above terms and conditions, the license granted here is perpetual (for the duration of the applicable copyright in the Work). Notwithstanding the above, Licensor reserves the right to release the Work under different license terms or to stop distributing the Work at any time; provided, however that any such election will not serve to withdraw this License (or any other license that has been, or is required to be, granted under the terms of this License), and this License will continue in full force and effect unless terminated as stated above.

**8. Miscellaneous**

a. Each time You distribute or publicly digitally perform the Work or a Collective Work, the Licensor offers to the recipient a license to the Work on the same terms and conditions as the license granted to You under this License.

b. Each time You distribute or publicly digitally perform a Derivative Work, Licensor offers to the recipient a license to the original Work on the same terms and conditions as the license granted to You under this License.

c. If any provision of this License is invalid or unenforceable under applicable law, it

shall not affect the validity or enforceability of the remainder of the terms of this License, and without further action by the parties to this agreement, such provision shall be reformed to the minimum extent necessary to make such provision valid and enforceable.

d. No term or provision of this License shall be deemed waived and no breach consented to unless such waiver or consent shall be in writing and signed by the party to be charged with such waiver or consent.

e. This License constitutes the entire agreement between the parties with respect to the Work licensed here. There are no understandings, agreements or representations with respect to the Work not specified here. Licensor shall not be bound by any additional provisions that may appear in any communication from You. This License may not be modified without the mutual written agreement of the Licensor and You.

Creative Commons is not a party to this License, and makes no warranty whatsoever in connection with the Work. Creative Commons will not be liable to You or any party on any legal theory for any damages whatsoever, including without limitation any general, special, incidental or consequential damages arising in connection to this license. Notwithstanding the foregoing two (2) sentences, if Creative Commons has expressly identified itself as the Licensor hereunder, it shall have all rights and obligations of Licensor.

Except for the limited purpose of indicating to the public that the Work is licensed under the CCPL, neither party will use the trademark "Creative Commons" or any related trademark or logo of Creative Commons without the prior written consent of Creative Commons. Any permitted use will be in compliance with Creative Commons' then-current trademark usage guidelines, as may be published on its website or otherwise made available upon request from time to time.

Creative Commons may be contacted at https://creativecommons.org/.

« Back to Commons Deed

# EXHIBIT D



https://www.texasmonthly.com/the-culture/bill-oreilly-calls-willie-nelson-a-cree    Go       SEP   OCT   NOV

1 capture                                                                    ◀     12    ▶
12 Oct 2015                                                                  2014  2015  2016   ▼ About this capture

THE DAILY POST    |    BURKABLOG    |    ENCYCLOPEDIA TEXANICA    |    PROMOTIONS

SEARCH

POLITICS  FOOD  TRAVEL  THE CULTURE  LONGFORM  MAGAZINE  ARCHIVES  SUBSCRIBE

# Bill O'Reilly Calls Willie Nelson a "Creep"

BILL O'REILLY CALLED WILLIE NELSON A "CREEP" ON FOX AND FRIENDS THURSDAY MORNING FOR GLAMORIZING DRUG USE.

JANUARY 21, 2013  |  *by* SONIA SMITH  |  COMMENTS

|  | Go | SEP  **OCT**  NOV |
| 1 capture | | ◄  **12**  ► |
| 12 Oct 2015 | | 2014  **2015**  2016 |
| | | ▼ About this capture |



**FOX NEWS & FLICKR/BEHIND THE MUSIC**

Bill O'Reilly dropped by *Fox and Friends* Thursday morning to talk about Whitney Houston's death and ended up calling Willie Nelson a "creep:"

> Why aren't we telling the truth to young people in America? Is there one public service announcement by any movie star, by any singer that says to children 'don't use drugs'? Is there one, I want to see one. There isn't any. Here's what we see—Snoop Dogg, Willie Nelson, all of these creeps—and I mean they are *creeps* —celebrated. And it's "wink wink," "oh let's party, lets get high." There's nobody in the media saying this could lead to death and if it doesn't lead to death.

(No word on why O'Reilly didn't also single out Armie Hammer, the third celebrity recently ensnared by the Sierra Blanca checkpoint.)

It should be noted that this isn't the first time O'Reilly has attacked Willie on air. Back in 2008, O'Reilly called Willie Nelson a pinhead after the singer appeared on



Will air the video.



Tags: THE CULTURE, FOX NEWS, NEW YORK, SIERRA BLANCA

# Want More? Get stories like this delivered straight to your inbox.

| Your Email Address | SIGN UP |

## Related Content